J-S16011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT J. STEELE, SR. | |
| Appellant | No. 569 WDA 2016 |

Appeal from the Judgment of Sentence December 15, 2015
In the Court of Common Pleas of Elk County
Criminal Division at No(s): CP-24-CR-0000132-2015

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:           **FILED AUGUST 11, 2017**

Robert J. Steele, Sr. appeals from the December 15, 2015 judgment of sentence imposed by the Elk County Court of Common Pleas following his convictions for simple assault, harassment, registration and certificate of title required, and driving while operating privilege suspended.[1]  Steele's counsel has also filed an ***Anders***[2] brief and a petition to withdraw from representation.  We affirm the judgment of sentence and grant counsel's petition.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1), 18 Pa.C.S. § 2709(a)(1), 75 Pa.C.S. § 1301(a), and 75 Pa.C.S. § 1543(b)(1), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967).

This appeal arises from an incident involving Steele and his fiancé, Jessica Stefano, on March 30, 2015 at Steele's residence. The trial court summarized the pertinent trial testimony as follows:

> Ms. Stefano arrived at the emergency department by ambulance and presented as having sustained traumatic injuries to her head and face. A photograph of her injuries was taken (Commonwealth's Exhibit 1) and Dr. [Dustin] McRea observed swelling to [Stefano's] left cheek and to the bridge of her nose. She had a through-and-through laceration to her lip, a fair amount of blood in her mouth, had two broken teeth, and was missing a few other teeth.
>
> . . . Stefano was alert and able to communicate with Dr. McRea[,] although she could not recall if she had lost consciousness after sustaining the injuries. She provided a history of her injuries by indicating that her boyfriend, defendant Robert Steele, had assaulted her and punched her in the face multiple times. During the course of treating Stefano for about an hour, Dr. McR[ea] became concerned that she may have sustained a moderate traumatic brain injury[,] and Stefano was transported by helicopter to a trauma center in Pittsburgh, Pa. In addition to the initial injuries discerned by Dr. McR[ea], it was subsequently determined that . . . Stefano had also sustained a fracture of the left eye orbit.

Trial Court Opinion Pursuant to Pa.R.A.P. 1925(a), 5/11/16, at 2 ("1925(a) Op.").

Steele proceeded to a jury trial on October 1, 2015.[3] At trial, both Stefano and Steele testified that Stefano accidentally fell off the deck at

---

[3] The cover page of the notes of testimony lists the trial date as October 1, 2016. However, it is evident from the trial court docket and the remainder of the certified record that the trial date was actually October 1, 2015.

Steele's residence and onto a propane tank, causing the injuries to her face and head. *See* N.T., 10/1/15, at 74, 171-72.

The jury convicted Steele of one count of simple assault, and the trial court convicted him of the aforementioned summary offenses. On December 7, 2015, the trial court sentenced Steele to an aggregate term of 1 to 2 years' incarceration, with credit for time served from April 1, 2015. Steele timely filed post-sentence motions, which the trial court denied on March 16, 2016. Steele timely appealed to this Court.

Because counsel has filed a petition to withdraw pursuant to *Anders* and its Pennsylvania counterpart, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), we must first address counsel's petition before we can review the merits of Steele's underlying issues.

To withdraw as counsel under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide a copy of the *Anders* brief to the appellant, together with a letter advising the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2)

- 3 -

proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007)).

Here, counsel's petition states that he thoroughly reviewed the record and determined that any appeal would be frivolous. In the **Anders** brief, counsel summarizes the facts and procedural history of the case, refers to evidence of record that might arguably support the issue raised on appeal, states his conclusion that the appeal is frivolous, and cites relevant case law to support his conclusion. Additionally, counsel provided Steele with a copy of the **Anders** brief and petition to withdraw and a letter advising Steele of his intent to withdraw and of Steele's right to retain new counsel or proceed *pro se*. Accordingly, counsel has complied with the requirements of **Anders** and **Santiago**.

Steele has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. Therefore, we review the issue raised in the **Anders** brief.

Steele presents one question for our review:

> Whether the trial court erred by denying [Steele's] motion for arrest of judgment and new trial for the offense of [s]imple [a]ssault, based upon the weight of the evidence presented at trial, when both the alleged victim and [Steele] testified that [Steele] did not assault the alleged victim and that her injuries were caused accidentally and the only substantive evidence of an

> assault offered at trial was the testimony of the doctor who treated the alleged victim, that she told the doctor that she had been punched and/or assaulted.

***Anders*** Br. at 4.

We review a weight of the evidence claim for an abuse of discretion. ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Id.*** (quoting ***Commonwealth v. Widmer*** 744 A.2d 745, 753 (Pa. 2000)). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Id.***

A trial court should not grant a motion for a new trial "because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." ***Clay***, 64 A.3d at 1055. "Rather, 'the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Id.*** (quoting ***Widmer***, 744 A.2d at 752). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given

- 5 -

another opportunity to prevail." **Id.** (quoting **Commonwealth v. Brown**, 648 A.2d 1177, 1189 (Pa. 1994)).

Steele contends that the weight of the evidence did not support his simple assault conviction because the jury should have afforded greater weight to Steele's and Stefano's testimony that Stefano's injuries were accidental than to Dr. McRea's testimony. We disagree.

The trial court rejected Steele's weight of the evidence claim, reasoning:

> Stefano's trial testimony was inapposite to the statement she provided to Dr. McRea shortly after the incident, but the jury was entirely within its bounds as finders of fact to give more credit to Stefano's statement to Dr. Mc[Rea] over her trial version of the incident requiring her hospitalization. Similarly, the jury was in the optimal position to weigh Steele's trial testimony as well and determine the credibility to be attributed to both Steele's and Stefano's testimony as well as that of Dr. McRea.
>
> . . .
>
> In having exercised its discretion, this Court is well satisfied that there is no merit to Steele's weight of the evidence challenge. The jury's determination to give more weight to certain facts such as Dr. McRea's testimony relating . . . Stefano's statements to him in the course of treating her injuries than to Stefano and Steele's testimony that her injuries were caused by her tripping and falling onto a propane tank was grounded in the evidentiary record. There is no basis to disturb the jury's findings or to reweigh the evidence.

1925(a) Op. at 2-3. After reviewing the evidence of record, we agree. We conclude that the verdict was not so contrary to the evidence presented as

to shock one's sense of justice.  Accordingly, the trial court did not abuse its discretion in denying Steele's motion for a new trial.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/11/2017